(No. 15865.—Judgment reversed; award confirmed.)
THE ST. LOUIS AND O'FALLON COAL COMPANY, Defendant in Error, vs. THE INDUSTRIAL COMMISSION et al.— (BERTHA ALBRECHT et al. Plaintiffs in Error.)

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

WORKMEN'S COMPENSATION—*when finding that death was by suicide is not justified.* Where a miner is shown to have been killed by the explosion of a shot fired five or six minutes after he knew the fuse had been lighted by his buddy, whom he had directed to light it, the natural conclusion, in the absence of any evidence to the contrary, is that he had gone back to re-light the fuse thinking that it was not burning, and a finding by the circuit court that the death was by suicide is not justified.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. L. E. BERNREUTER, Judge, presiding.

W. J. MACDONALD, for plaintiffs in error.

BARTHEL, FARMER & KLINGEL, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of St. Clair county setting aside an award of the Industrial Commission in favor of plaintiffs in error, dependents of William Albrecht, who was killed while in the employ of defendant in error.

The facts established by uncontradicted testimony are as follows: Albrecht was married and was living happily with his wife and twelve-year-old son. October 22, 1923, he left home as usual and went to his work in the mine of defendant in error. With his buddy, Jacob Stehle, he was taking coal from a cross-cut near room 12, where Walter Wright, with his buddy, was working. In this mine the

miners placed and fired their shots. About 3:30 P. M. Albrecht met Wright in the entry and asked if he was going back into his room again, and when Wright replied that he was not, Albrecht said, "All right," and started toward the cross-cut where he was working. When he was near the mouth of the cross-cut he called to his buddy and said, "All right, Jake; light up." Albrecht and his buddy had placed a single shot in the left-hand corner of the cross-cut and had inserted a five-foot fuse. Stehle lighted this fuse and walked out of the cross-cut and met Albrecht in the entry. Albrecht asked him if he had lighted the fuse. The latter replied that he had, and walked down the entry to get his coat and dinner bucket. When Stehle left Albrecht the latter was standing in the entry with his coat and hat on, his dinner pail in his hand and his pipe in his mouth. About five or six minutes after Stehle lighted the fuse he heard the report of the shot. When he came through the entry on the way out he could not find his buddy and reported to Wright. The latter and Stehle went into the cross-cut and found Albrecht's body lying about twenty feet from the point where the shot had been placed. His head was blown off, and scattered about the body were his cap and pieces of his pipe and dinner pail.

The circuit court set aside the award of the Industrial Commission on the ground that "William Albrecht died as the result of injuries willfully, deliberately and intentionally inflicted upon himself by his own act, with willful and deliberate intent to commit suicide." There is not a scintilla of evidence in the record to justify such a conclusion. All the evidence shows that Albrecht was engaged in the performance of his duties at the time he was killed and that his death resulted from injuries arising out of his employment. No one knows why he went back into the cross-cut after his buddy had lighted the fuse, but the natural conclusion is that he concluded that the fuse was not burning and went back to re-light it. While this was not the wise

thing for him to do, such an act did not take him out of the course of his employment.

The judgment of the circuit court is reversed and the award of the Industrial Commission is confirmed.

*Judgment reversed; award confirmed.*

---

(No. 15925.—Judgment affirmed.)
THE VILLAGE OF ARTHUR, Appellant, *vs.* ELI M. OTTO *et al.* Appellees.

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*